IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT HACKWORTH,

    Plaintiff,                   CV F 06 0850 AWI WMW P

    vs.                         ORDER GRANTING LEAVE TO FILE AN AMENDED COMPLAINT

P. RANGEL, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the original complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at the Substance Abuse Treatment Facility Corcoran, brings this civil rights action against Defendant Correctional Officer Rangel and Lieutenant Whitford, employees of the Department of Corrections at Corcoran State Prison.

       Plaintiff's claims in this complaint stem from conduct that occurred at CSP Corcoran. Plaintiff alleges that on July 28, 2004, Defendant Rangel, without provocation, kicked shut Plaintiff's food port while Plaintiff's hand was in it. Plaintiff alleges that C/O Rangel did this as a result of a verbal altercation with Plaintiff regarding his sheet exchange.

1

Plaintiff alleges that as a result he was charged with battery on staff. At his disciplinary hearing, presided over by Defendant Whitford, Plaintiff was not allowed to call witnesses. Plaintiff specifically alleges that he was found guilty, and the guilty finding was based upon fabricated evidence.

As to Defendant Rangel, Plaintiff has stated a claim for excessive force. As to Defendant Whitford, any claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Although the specific facts of Balisok involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing. The Ninth Circuit has recently applied the Balisok rule to a case in which a prisoner sought damages based on allegations that prison officials relied on false information to find him ineligible for parole. Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997). Because the claim necessarily implied the invalidity of the plaintiff's continued confinement, it could not accrue until the conviction or sentence had been invalidated. Id.

In the instant case, plaintiff's core factual allegations are that his conviction was

obtained based upon false evidence.  Such a claim necessarily implies the invalidity of Plaintiff's conviction.  Plaintiff's claim is therefore not cognizable until his conviction has been reversed, expunged, or otherwise invalidated.

Because Plaintiff fails to state a claim as to Defendant Whitford, the court will grant Plaintiff leave to file an amended complaint.  Should Plaintiff fail to file an amended complaint, this action will proceed against Defendant Rangel on a claim of excessive force, and the court will recommend that Defendant Whitford be dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to file an amended complaint.  Plaintiff is granted thirty days from the date of service of this order to file a first amended

complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that Defendant Whitford be dismissed.

IT IS SO ORDERED.

**Dated:**   **July 27, 2007**           /s/  **William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE