IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT HACKWORTH,

    Plaintiff,                       1:06 CV 0850 AWI WMW PC

    vs.                             ORDER GRANTING LEAVE TO
FILE AN AMENDED COMPLAINT

                                  (THIRTY DAY DEADLINE)

C/O RANGEL, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the August 16, 2007, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant Correctional Officer Rangel and Lieutenant Whitford, employees of the CDCR at Corcoran State Prison.

    Plaintiff's claims in this complaint stem from an allegation of excessive force. Plaintiff alleges that C/O Rangel deliberately slammed Plaintiff's food port shut on his hand, resulting in injury. The allegations indicate that the use of force was unprovoked. Plaintiff has stated a claim for relief as to Defendant Rangel.

1

Plaintiff also alleges that he was falsely charged with a disciplinary violation. Plaintiff alleges that he was deprived of due process at the disciplinary hearing, conducted by Defendant Lt. Whitford. Plaintiff alleges that Whitford was "bias and prejudice toward me as an inmate." Plaintiff specifically alleges that Whitford found Plaintiff guilty, despite the fact that there was no evidence that he was guilty of the charged offense.

In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Although the specific facts of Balisok involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing.

Here, Plaintiff alleges that he was convicted despite a lack of evidence. Plaintiff also alleges that the hearing officer was biased. Plaintiff's allegations therefore imply the invalidity of his conviction. He may not, therefore, bring this claim under section 1983 unless the

conviction has been invalidated.  Though Plaintiff alleges that the charge was reduced on appeal, Plaintiff has not alleged that the conviction was invalidated on the ground that the hearing officer was biased, or that the hearing officer disregarded the lack of evidence.  This claim must therefore be dismissed.

The court will grant Plaintiff leave to file an amended complaint to correct this deficiency.  Plaintiff is advised that if he fails to file an amended complaint, this action will proceed against Defendant Rangel on Plaintiff's claim of excessive force, and the court will recommend dismissal of Plaintiff's claim regarding due process.   The court will then forward to Plaintiff the forms for service of process upon Defendant Rangel.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file a

second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

IT IS SO ORDERED.

**Dated:   August 1, 2008**                     /s/  **William M. Wunderlich**
                                                        UNITED STATES MAGISTRATE JUDGE