1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH, | 1:06 CV 0850 AWI YNP SMS (PC) |
|        Plaintiff, | ORDER DENYING MOTION TO DISMISS |
|        vs. | (Document #27) |
| C/O RANGEL, | |
|        Defendant. | |
| _____/ | |

### BACKGROUND

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison.   This action proceeds on the August 16, 2007 first amended complaint.   On November 10, 2008, the court entered an order finding that the complaint stated a claim against Defendant Rangel for excessive force.

Pending before the court is Defendant's motion to dismiss.   Defendant contends that Plaintiff's claim for damages is barred in an action under 42 U.S.C. § 1983 because it necessarily implies the invalidity of his prison disciplinary conviction.   Plaintiff filed an opposition.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

1  absence of sufficient facts alleged under a cognizable legal theory.  <u>Johnson v. Riverside</u>

2  <u>Healthcare Sys.</u>, 534 F.3d 1116, 1121 (9th Cir. 2008); <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th

3  Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all of the complaint's material

4  allegations of fact are taken as true, and the facts are construed in the light most favorable to the

5  non-moving party.  <u>Marceau v. Balckfeet Hous. Auth.</u>, 540 F.3d 916, 919 (9th Cir. 2008);

6  <u>Vignolo v. Miller</u>, 120 F.3d 1075, 1077 (9th Cir. 1999).  The court must also assume that general

7  allegations embrace the necessary specific facts to support the claim.  <u>Smith v. Pacific Prop. and</u>

8  <u>Dev. Corp.</u>, 358 F.3d 1097, 1106 (9th Cir. 2004).  However, the court is not required "to accept as

9  true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

10 inferences."  <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1056-57 (9th Cir. 2008); <u>Sprewell v.</u>

11 <u>Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may provide the

12 framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of

13 elements of a cause of action, supported by mere conclusory statements, do not suffice."

14 <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009); <u>see also</u> <u>Warren v. Fox Family Worldwide,</u>

15 <u>Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003).  As the Supreme Court has recently explained:

16 
17           While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
             detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his
             'entitlement to relief' requires more than labels and conclusions, and a formulaic
18           recitation of the elements of a cause of action will not do. Factual allegations must
             be enough to raise a right to relief above the speculative level, on the assumption
19           that all the allegations in the complaint are true (even if doubtful in fact).

20 <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Thus, "a complaint must contain

21 sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

22 <u>Iqbal</u>, 129 S.Ct. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual

23 content that allows the court draw the reasonable inference that the defendant is liable for the

24 misconduct alleged."  <u>Iqbal</u>, 129 S.Ct. at 1949.

25          The plausibility standard is not akin to a 'probability requirement,' but it asks
            more than a sheer possibility that a defendant has acted unlawfully.  Where a
26

> complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## FACTS

**A. Complaint's Allegations**

Plaintiff's claim in the complaint stem from an allegation of excessive force. Plaintiff alleges that C/O Rangel deliberately slammed Plaintiff's food port shut on his hand, resulting in injury. Plaintiff alleges that the use of force was unprovoked. Specifically, Plaintiff alleges that:

> I then asked to speak with his sergeant. Defendant replied, I'm the sergeant ass hole." Plaintiff alleges that "I then set my hand down between the tray slot door and the inside of my cell and repeated my request to officer P. Rangel to let me speak with the sergeant. He then took a step back and kicked the tray slot steel door clouse [sic] on my right hand slamming my middle finger in the tray slot door. I pulled my hand free as fast is I could, I looked at my finger it was bleeding badly and it was smashed with the finger nail cut in ½ and ½ off my finger, with blood everywhere on the floor the walls, the door.

Am. Compl., 4:4-12.

**B. Facts From the Rules Violation Report**

Generally, a court may not consider material beyond the complaint in ruling on a motion to dismiss for failure to state a claim. However, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as

long as the facts noticed are not subject to reasonable dispute.  <u>Intri-Plex Technologies, Inc. v.</u>

<u>Crest Group, Inc</u>. 499 F.3d 1048, 1052 (9th Cir. 2007).

Defendant attaches as Exhibit A to his motion a copy of Rules Violation Report (RVR)

log no. 4A2-04-07-14.  Plaintiff attached a copy of the original RVR to the complaint as Exhibit

B.  Defendant argues that the RVR is a government business record that is not subject to

reasonable dispute, and is authenticated by the accompanying declaration of the custodian of

record.  Plaintiff does not oppose the request.  The court therefore takes judicial notice of RVR

log no. 4A2-04-07-14 pursuant to Federal Rule of Evidence 201(d).

Exhibit A reveals that Plaintiff was charged with attempted battery on a peace officer, but

was found guilty of the reduced offense of conduct that could lead to violence.    In making its

findings, the hearing officer relied on in the original charging statement written by Defendant.

Specifically, he relied on Defendant's statement that he observed Plaintiff "quickly lunge

forward, while simultaneously bending at the waist and extending both hands towards (the) open

food port."   Defendant's statement also stated:

> Because I was conversing with Hackworth, I was only standing approximately one
> foot or closer to the open food port, I instinctively took hold of the open food port
> with both my hands and attempted to close it, creating a barrier between myself
> and Hackworth.

**DISCUSSION**

**A. Whether Plaintiff's Complaint is Barred**

Defendant contends that this action is barred under <u>Edwards v. Balisok</u>, 520 U.S. 641,

644 (1997).  Defendant argues that a finding by this court that Defendant used excessive force

would necessarily imply the invalidity of Plaintiff's conviction for conduct that could lead to

violence.

In <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), the United States Supreme Court applied the

doctrine articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), to prison disciplinary

4

1   hearings. <u>Balisok</u>, 520 at 644.   In <u>Heck</u>, the Supreme Court held that a state prisoner's claim for

2   damages for an unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. §

3   1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his

4   conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has

5   previously been invalidated.  <u>Heck</u>, 512 U.S. at 487.  In applying this principle to the facts of

6   <u>Balisok</u>, the Supreme Court held that a claim challenging the procedures used in a prison

7   disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not

8   cognizable under Section 1983 if the nature of the inmate's allegations are such that, if proven,

9   would necessarily imply the invalidity of the result of the prison disciplinary hearing.  <u>Balisok</u>,

10  520 U.S. at 646.  Because such a challenge, if successful, would invalidate the duration of the

11  inmate's confinement, it is properly brought as a habeas corpus petition and not under Section

12  1983.  <u>Heck</u>, 512 U.S. at 487; <u>see also</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

13          Courts have considered whether <u>Heck</u> should be applied to excessive force, assault and

14  battery claims.  <u>Cunningham v. Gates</u>, 312 F.3d 1148, 1153 (9th Cir. 2002).   For example, In

15  <u>Smithart v. Towery</u>, 79 F.3d 951(9th Cir.1996), the Ninth Circuit stated that <u>Heck</u> does not bar

16  claims which, if proven, would not invalidate a conviction.  The plaintiff in <u>Smithart</u> tried to use

17  his truck to run over the sheriff and a state patrolman; He later was convicted of assault.  <u>Id</u>. at

18  952.   In his civil rights action the plaintiff alleged that after he got out of the truck, the sheriff

19  and patrolman used excessive force to arrest him.  <u>Id</u>. The Ninth Circuit held that, based on the

20  facts in that case, the plaintiff's excessive force claim was not barred by <u>Heck</u> because a verdict

21  in the plaintiff's favor would not invalidate the assault conviction.  <u>Id</u>. at 952-93.

22          In <u>Marquez v. Guttierez</u>, 51 F.Supp.2d 1020 (E.D.Cal.1999), a state prisoner sued

23  correctional officers for excessive force.   Although the prisoner had been convicted of battery at

24  a prison disciplinary hearing, the court held that this finding did not bar a Section 1983 action.

25  <u>Id</u>. at 1021-22.   The court found:

26
                                            5

1

2

3

4

> Given that the case at bar relates to accusations of excessive force on the prison yard, a jury could conclude that, even if plaintiff was culpable in the melee, defendant nonetheless used excessive force. It is also conceivable that a jury could find, as plaintiff also contends, that the use of lethal force is never justified against an unarmed inmate. The variety of potential findings demonstrate that a judgment in plaintiff's favor "would not necessarily imply the invalidity" of his disciplinary conviction, even though under some circumstances it might do so.

5   Id. at 1025 (quoting Heck, 512 U.S. at 487 n. 7).

6       Although Plaintiff was convicted of conduct that could lead to violence, the remaining

7   Section 1983 claim does not challenge the integrity or procedures of the prison disciplinary

8   hearing.   The damages claimed by Plaintiff's remaining claim does not arise from any

9   deprivation that occurred as a result of the institutional proceedings, but rather from the use of

10  force by Defendant.   The determination at the prison disciplinary hearing does not necessarily

11  preclude the plaintiff's present claim.   To prevail on his excessive force claim, Plaintiff must

12  show that (1) the defendants used force against the plaintiff; (2) the use of such force was

13  excessive and applied maliciously and sadistically for the very purpose of causing the plaintiff

14  harm and not in a good faith effort to achieve a legitimate purpose; and (3) the plaintiff suffered

15  harm as a direct result of this use of force.   See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

16  Plaintiff may still prevail on his claim even accepting that the institutional hearing officer

17  correctly found that Plaintiff had committed conduct that could lead to violence.   For example, it

18  is possible that Plaintiff did swear at Plaintiff and lunge at the door, but Defendant then

19  proceeded to use excessive force by closing the door on Plaintiff's finger.   The court finds that

20  nothing in Plaintiff's excessive force claim challenges, directly or indirectly, the constitutionality

21  of the disciplinary conviction.   A jury finding in favor of plaintiff in the matter at bar would not

22  necessarily imply the invalidity Plaintiff's disciplinary conviction.   Thus, Defendant's motion

23  must be denied.

24  **B.  Excessive Force**

25      The Eighth Amendment prohibits cruel and unusual punishment in the prison setting.

26

This includes the use of excessive force.  "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 78 (1992).  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."  <u>Id</u>. (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it."  <u>Id</u>.  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  <u>Hudson</u>, 503 U.S. at 8.  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  <u>Id</u>. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  <u>Id</u>. at 9.  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  <u>Id</u>. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  <u>Id</u>. at 9-10 (internal quotations marks and citations omitted).

Defendant contends that because Plaintiff was conducting himself in a manner that could lead to violence, Defendant's split second decision to close the food port to ensure his own safety cannot now be found to have been made for the very purpose of causing Plaintiff harm.  In this case, the parties agree that a verbal altercation occurred between Plaintiff and Defendant on July 28, 2004, regarding a sheet exchange.  However, the parties dispute whether Plaintiff lunged

toward Defendant and why Defendant shut the door.  Although Defendant was convicted of
conduct that could lead to violence, it is unclear what specific conduct was found to be true.  The
fact finder presumably found that there was an insufficient factual basis to sustain a charge of
attempted battery.  Whether the force was applied in a good faith effort to maintain or restore
discipline or maliciously and sadistically for the very purpose of causing harm turns on the facts
of this case.   Given these disputed issues of fact, the court cannot find on this Rule 12(b)(6)
motion that Defendant did not violate the Eighth Amendment.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.    Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure
      12(b)(6) is DENIED; and

2.    This matter is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   September 30, 2009**                          **/s/ Anthony W. Ishii**
                                              CHIEF UNITED STATES DISTRICT JUDGE