1
2
3
4
5
6        IN THE UNITED STATES DISTRICT COURT FOR THE
7                    EASTERN DISTRICT OF CALIFORNIA
8
9   ROBERT HACKWORTH,                    CASE No.    1:06-cv-0850-AWI-MJS (PC)
10
               Plaintiff,               ORDER DENYING MOTION FOR
11                                       APPOINTMENT OF COUNSEL
        v.
12
                                         (ECF No. 96)
13   P. RANGEL, et al.,
14
               Defendants.
15   _____/

16       Plaintiff Robert Hackworth is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action filed July 6, 2006 pursuant to 42 U.S.C. § 1983.

18   (Compl., ECF No. 1.) Plaintiff declined to extend Magistrate Judge jurisdiction to all

19   matters and for all purposes in this case. (Decline Magistrate, ECF No. 94.) Defendant

20   Rangel consented to extend Magistrate Judge jurisdiction to all matters and for all

21   purposes in this case. (Consent Magistrate, ECF No. 95.)

22       The Court granted Defendant Rangel's motion for summary judgment on

23   October 6, 2011 and dismissed this action. (ECF Nos. 77 & 78.) Plaintiff initiated an

24   appeal on October 17, 2011. (ECF No. 79.) The United States Court of Appeals for the

25   Ninth Circuit vacated the Court's summary judgment and remanded the matter for

26   further proceedings on September 12, 2012.[1] (Mem. Remand, ECF No. 90.) Trial in this

27   _____

28       [1] Mandate thereon entered by the United States Court of Appeals for the Ninth Circuit on October

                                        -1-

1   matter is set for October 22, 2013. (Second Sched. Order, ECF No. 92.) Pending

2   before the Court is Plaintiff's motion for appointment of counsel filed December 5, 2012.

3   (Mot. Appt. Counsel, ECF No. 96.)

4       Plaintiff does not have a constitutional right to appointed counsel in this action,

5   Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other

6   grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an

7   attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United

8   States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).

9   However, in certain exceptional circumstances the Court may request the voluntary

10  assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

11      Without a reasonable method of securing and compensating counsel, the Court

12  will seek volunteer counsel only in the most serious and exceptional cases. In

13  determining whether "exceptional circumstances exist, the district court must evaluate

14  both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate

15  his or her claims pro se in light of the complexity of the legal issues involved." Id.

16  Neither of these factors is dispositive and both must be viewed together before

17  reaching a decision on request of counsel under section 1915(d)." Wilborn v.

18  Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970

19  (9th Cir. 2009).

20      The burden of demonstrating exceptional circumstances is on the Plaintiff. See

21  Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional

22  circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F.

23  App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances");

24  Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough,

25  459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional

26  circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).")

27

28  18, 2012. (Mandate, ECF No. 91.)

1    In the present case, the Court does not find the required exceptional

2  circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that

3  he has made serious allegations which, if proved, would entitle him to relief, his case is

4  not exceptional. This Court is faced with similar cases almost daily. Further, Plaintiff's

5  claim remains in disputes and the Court can not make a determination at this stage of

6  the litigation that Plaintiff is likely to succeed on the merits. The excessive force claim in

7  issue does not appear to be novel or unduly complex. The facts alleged to date appear

8  straightforward and unlikely to involve any extensive further investigation and discovery.

9    The papers filed by Plaintiff in this case reflect an appreciation of the legal issues

10  and standards and an ability to express same adequately in writing.

11    Finally, nothing suggests that Plaintiff has made diligent effort to secure

12  counsel.[2] Plaintiff's lack of funds alone does not necessarily mean efforts to secure

13  counsel would be futile.

14    For the foregoing reasons, Plaintiff's motion for appointment of counsel (ECF No.

15  96) is HEREBY DENIED, without prejudice.

16

17

18

19

20

21

22  IT IS SO ORDERED.

23  Dated:    December 6, 2012            /s/ *Michael J. Seng*

24                                     UNITED STATES MAGISTRATE JUDGE

25  _____

26    [2] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).

27

28