UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>P. RANGEL, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE No. 1:06-cv-00850-AWI-MJS (PC)<br><br>ORDER DENYING (1) RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL (2) REQUEST FOR CONSIDERATION OF RECUSAL<br><br>(ECF No. 100) |

## I.  PROCEDURAL HISTORY

Plaintiff Robert Hackworth is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed July 6, 2006 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter proceeds on Plaintiff's excessive force claim against Defendant Rangel. (ECF No. 20.) The Court granted Defendant Rangel's motion for summary judgment on October 6, 2011 and dismissed this action. (ECF Nos. 77 & 78.) Plaintiff initiated an appeal on October 17, 2011. (ECF No. 79.) The United States Court of Appeals for the Ninth Circuit vacated the Court's summary judgment and remanded the matter for further proceedings on September 12, 2012. (ECF No. 90.) Trial in this matter is set for October 22, 2013. (ECF No. 92.)

Pending before the Court is Plaintiff's Motion of Objection (ECF 100) seeking

reconsideration of the Court's April 2, 2013 Order Denying Motion Requesting Appointment of Counsel. (ECF No. 99). Plaintiff asserts extraordinary circumstances supporting appointment of counsel and requests the undersigned consider recusal. The Motion is now before the Court.

## II. ARGUMENT

Plaintiff asserts that he can not represent himself at trial because he may not be able to express himself well verbally; his access to the law library is limited to two hours every six months; he has attempted to secure counsel on his own with no success; other inmates have assisted him with his filings; his underlying Eighth Amendment claim is very complex; and the undersigned, who issued Findings and Recommendations granting summary judgment subsequently vacated by the Ninth Circuit, may be predisposed against him on that basis. (ECF 100 at 1-2.)

## III. ANALYSIS

### A. MOTION FOR RECONSIDERATION

#### 1. Legal Standard

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order and judgment for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn

Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

### 2. No Basis for Reconsideration

Plaintiff seeks reconsideration based upon facts and circumstances previously considered and ruled upon. Limited communication skills and education and reliance on fellow inmates in prosecuting matters do not reflect exceptional circumstances for appointment of counsel. The Court has had before it hundreds of such cases which have progressed through discovery, law and motion activity and even trial despite plaintiff's limited communication skills and education. These very arguments for appointment of counsel were previously considered and rejected by the Court. (ECF Nos. 98, 99.)

The record in this matter suggests that, even assuming the limitations he asserts, Plaintiff can sufficiently prosecute what appears to be relatively straightforward Eighth Amendment claim against Defendant Rangel.

Plaintiff does not have a right to appointed counsel in this case. 28 U.S.C. § 1915(e)(1); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Plaintiff provides no basis for granting a motion for reconsideration. He cites to no error, newly discovered evidence, or other grounds supporting reconsideration.

### B. REQUEST FOR RECUSAL

#### 1. Legal Standard

A judge has an affirmative duty to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455; Liteky v. United States, 510 U.S. 540, 555 (1994). The substantive standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's

impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997). The alleged bias must stem from an "extrajudicial source." Liteky, 510 U.S. at 544-56. Normally, rulings by a court during the course of a case can not be extra-judicial conduct. See Hasbrouck v. Texaco, Inc., 842 F. 2d 1034, 1045-46 (9th Cir. 1987); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F. 2d 1538, 1548 (9th Cir. 1988). Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008). However, "expressions of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration. Liteky, 510 U.S. at 555-56; Pesnell, 543 F.3d at 1044. Judicial rulings may support a motion for recusal only "in the rarest of circumstances." Liteky, 510 U.S. at 555; U.S. v. Chischilly, 30 F.3d 1144, 1149 (9th Cir. 1994).

### 2. No Basis for Recusal

Plaintiff requests the undersigned consider recusing himself because, already having granted summary judgment in favor of the Defendant, the Court has in fact prejudged the case in favor of Defendant.

Issuance of a decision unfavorable to a party does not in and of itself constitute a grounds for recusal. It does not do so here. There is a "presumption of honesty and integrity in those serving as adjudicators." Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 891 (2009), citing Withrow v. Larkin, 421 U.S. 35, 47 (1975). The Court, in ruling previously on the motion for summary judgment, did so on the basis of the very narrow and specific issue of law. The Court of Appeals has rejected that ruling under the circumstances. The Court will of course follow the mandate of the appellate court. In that regard, it appears this case will proceed to trial by jury and likely present additional facts and/or legal issues to be resolved by the jury and the judge, respectively, to resolve. The Court has no predisposition one way or the other nor any bias for against

either party. The Court will be fair and impartial to both parties.

Plaintiff also has not asserted facts suggesting such a deep-seated favoritism on the part of the undersigned as to make fair judgment impossible.[1]

## IV. CONCLUSIONS AND ORDER

Plaintiff has not met the burden imposed upon a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. He has not shown clear error or other meritorious grounds for relief from the April 2, 2013 Order Denying Motion Requesting Appointment of Counsel.

Plaintiff has not demonstrated any basis for recusal. The alleged grounds do not stem from an extra-judicial source and Plaintiff makes no showing of deep-seated favoritism on the part of the undersigned as to make fair judgment impossible.

Accordingly, for the foregoing reasons, it is HEREBY ORDERED that Plaintiff's Motion for Reconsideration of the Court's April 2, 2013 Order Denying Motion Requesting Appointment of Counsel (ECF No. 100) and request for consideration of recusal therein, are DENIED.

IT IS SO ORDERED.

Dated:   April 16, 2013          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 455 provides that recusal motions "must be decided by the very judge whose impartiality is being questioned". In Re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).