1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH, | **Case No.  1:06-cv-00850-AWI-MJS (PC)** |
| Plaintiff, | **PRETRIAL ORDER** |
| v. | **Motions:** |
| P. RANGEL, et al., | **Granting in Part Plaintiff's Motion for Production of July 28, 2004 Videotape Interview (ECF No. 104)** |
| Defendants. | **Deadlines:** |
| | **Motions in Limine: September 30, 2013** |
| | **Opposition to Motions in Limine: October 7, 2013** |
| | **Trial Submissions: October 17, 2013** |
| | **Jury Trial: October 22, 2013 at 8:30 a.m. in Courtroom 2 (AWI)** |
| | **RULES OF CONDUCT** |
| | **CLERK OF COURT TO FAX** Copy Of This Order To Warden And Litigation Coordinator at Salinas Valley State Prison |

Plaintiff Robert Hackworth is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed July 6, 2006 pursuant to 42 U.S.C. § 1983. This matter proceeds on the first amended complaint claim of excessive force against Defendant Rangel. Plaintiff's claim

arises from an incident which he asserts occurred on July 28, 2004 at California State Prison – Corcoran ("COR"). Discovery has been completed and dispositive motions and related appeals have been decided.

This Court conducted a pretrial conference on September 9, 2013. Plaintiff appeared telephonically in pro se. Defendant appeared telephonically by counsel Preeti K. Bajwa, Deputy Attorney General.

## I.   <u>JURISDICTION/ VENUE</u>

Plaintiff seeks relief under 42 U.S.C. § 1983. Therefore, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. In addition, Plaintiff's claim arises out of events that occurred at COR located in Corcoran, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California sitting in Fresno. 28 U.S.C. §§ 1343, 1391. No objection to jurisdiction or venue has been raised.

## II.   <u>JURY TRIAL</u>

The parties request a jury trial on all triable issues. Accordingly, the action shall be tried by a jury of eight.

## III.   <u>UNDISPUTED FACTS</u>

1.   Plaintiff is a state prisoner incarcerated by the California Department of Corrections and Rehabilitation ("CDCR"). He was housed at COR at times material to the matters in issue in this case.

2.   Defendant is a custodial officer employed by CDCR. He worked at COR at all times material to the matters at issue and was acting under color of law.

3.   On July 28, 2004, Plaintiff was housed in Facility A, Building 2, Right, cell 28, at COR. Defendant contends Plaintiff was the sole occupant of cell 28 and that Facility A, Building 2, Right is a security housing unit (SHU) subject to SHU custody and control procedures.

4.   On July 28, 2004, Defendant was conducting laundry exchange, passing clean laundry for dirty through the food port. Defendant contends that during this process inmates are not allowed to put their hands through the food port.

5.  Defendant, due to asserted CDCR policy and procedure, refused to exchange Plaintiff's sheet because it was ripped. Defendant closed the steel food port contacting Plaintiff's finger causing injury. Defendant agrees Plaintiff's finger was caught in the food port as it was closing. Defendant observed drops of blood.

6.  Defendant contends Plaintiff said "You broke my finger motherfucker and I'm going to sue you!"

7.  Defendant summoned Sergeant Battles and LVN Renteria. Plaintiff claims he told Battles and Renteria that Defendant kicked the food port shut on his finger.

8.  Plaintiff was escorted from his cell by Officers Masterson and Sandoval to medical. Plaintiff claims he was diagnosed with a fractured phalanx in his third digit with nail bed injury.

9.  Defendant contends Plaintiff was charged with a serious rules violation, attempted battery on a peace officer, and ultimately convicted of the lesser charge of conduct that could lead to violence on a peace office.

## IV.   DISPUTED FACTS

1.  The details of closing the food port and contact with Plaintiff's finger on July 28, 2004. Defendant contends he was standing within one foot of the food port when Plaintiff became agitated and lunged for the food port with arms outstretched, threatening attack, Defendant then closing the food port with his hands to protect himself. Plaintiff contends he asked to speak with the sergeant whereupon Defendant intentionally closed the food port on Plaintiff's finger in order to cause harm.

2.  The cause, nature and extent of Plaintiff's injury.

3.  The amount of compensatory damages and punitive damages, if any.

4.  Whether Defendant is entitled to qualified immunity as to Plaintiff's claim for monetary damages.

## V.   DISPUTED EVIDENTIARY ISSUES

### A.   Plaintiff

1.  Plaintiff is unaware of any significant evidentiary issues.

2.      Plaintiff asserts he has requested but not received unspecified medical records and an interview videotaped on July 28, 2004. Defense counsel has agreed to provide a copy of the videotape to the Court Clerk with its evidentiary submittals and to make a copy available for viewing by Plaintiff at Salinas Valley State Prison, and to this extent Plaintiff's motion for production of videotaped interview (ECF No. 104) is GRANTED AND OTHERWISE DENIED. **Defense counsel is directed to contact the Litigation Coordinator at Plaintiff's institution to arrange for Plaintiff to access the videotape.**

3.      Plaintiff expects to file motions in limine regarding character evidence, admissibility of CDCR reports and records, restraints at trial, and access to facilities during trial.

**B.      Defendant**

1.      Defendant objects to Plaintiff testifying about the diagnosis and prognosis of his right middle finger and the cause of any medical condition to his right middle finger of which he now complains. Plaintiff is not qualified to give testimony about the cause and effect, diagnosis, or prognosis of his medical condition. This issue can be resolved by motion in limine.

2.      Based on Plaintiff's allegations that he was a passive victim of a use of force, thereby undermining his disciplinary finding of guilt of conduct that could lead to violence, Defendant anticipates evidentiary objections to testimony along those lines.

3.      Defendant intends to file motions in limine to preclude Plaintiff from testifying, eliciting testimony, or introducing evidence of the following matters: (1) dismissed claims and unrelated claims and individuals; (2) Defendant's involvement in other lawsuits or incidents alleging excessive force; (3) offers to compromise; and (4) CDCR's indemnification of an adverse judgment.

4.      Defendant will file a motion in limine to permit him to introduce evidence of Plaintiff's and any incarcerated witness's felony conviction or sentence for impeachment purposes.[1]

5.      Defendant anticipates objecting to various exhibits Plaintiff intends to use at trial by

---

[1] Pursuant to Rule 609 of the Federal Rules of Evidence, no one who has suffered a prior felony conviction is entitled to the false aura of veracity which would occur if impeachment were not allowed.

4

1  motions in limine.

2  6.    Defendant objects to any evidence submitted by Plaintiff based upon or containing

3  inadmissible hearsay, or evidence that is irrelevant, immaterial, or incompetent.

4  **VI.    SPECIAL FACTUAL INFORMATION**[2]

5      **A.    Plaintiff**

6  1.    The acts, omission, or conditions whereunder Defendant Rangel used excessive force as

7  provided in Plaintiff's first amended complaint. Defendant fractured a bone in Plaintiff's

8  finger causing a cut, bruising, swelling, pain, suffering and emotional distress, as shown

9  by the facts alleged, medical records, and the July 28, 2004 videotape. The incident

10  occurred on July 28, 2004, in Plaintiff's cell at COR. Plaintiff is currently 52 years old.

11  He was 43 years old at the time of the incident.

12      **B.    Defendant**

13  1.    Not applicable.

14  **VII.   RELIEF SOUGHT**

15      **A.    Plaintiff**

16  Plaintiff seeks compensatory damages including future medical care and mental distress,

17  and punitive damages arising from violation of his constitutional rights.

18      **B.    Defendant**

19  Defendant seeks judgment in this case and costs.

20  **VIII.  POINTS OF LAW**

21  Plaintiff claims Defendant used unreasonable force against him, injuring his finger, for

22  which he seeks compensatory and punitive damages. Defendant claims he used only reasonable

23  force and that he is entitled to qualified immunity and judgment in this action.

24      **A.    Section 1983**

25  The Civil Rights Act under which this action was filed provides a cause of action against

26  any "person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of

27

28  ---
[2] Pursuant to Local Rule 16-281(b)(6).

1    the United States or other person within the jurisdiction thereof to the deprivation of any rights,

2    privileges, or immunities secured by the Constitution and laws [of the United States.]" 42 U.S.C.

3    § 1983. To prove a violation of § 1983, a plaintiff must establish that (1) the defendant deprived

4    him of a constitutional or federal right, and (2) the defendant acted under color of state law. West

5    v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).

6    "A person deprives another of a constitutional right, within the meaning of section 1983, if he

7    does an affirmative act, participates in another's affirmative acts, or omits to perform an act

8    which he is legally required to do that causes the deprivation of which [the plaintiff complains]."

9    Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993), quoting Johnson v. Duffy, 588 F.2d 740, 743

10   (9th Cir. 1978). There must be an actual causal connection between the actions of each defendant

11   and the alleged deprivation. See Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).

12   **B.    Excessive Force**

13        The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners

14   from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010); Hudson v.

15   McMillian, 503 U.S. 1, 8-9, (1992). What is necessary to show sufficient harm under the Eighth

16   Amendment depends upon the claim at issue, with the objective component being contextual and

17   responsive to contemporary standards of decency. Hudson, 503 U.S. at 8. For excessive force

18   claims, the core judicial inquiry is whether the force was applied in a good-faith effort to

19   maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 559 U.S. at

20   37, quoting Hudson, 503 U.S. at 7.

21        The Court must look at the need for application of force; the relationship between that

22   need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to

23   the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made

24   to temper the severity of the response. See Whitley v. Albers, 475 U.S. 312, 321 (1976).

25        Not every malevolent touch by a prison guard gives rise to a federal cause of action.

26   Wilkins, 559 U.S. at 37, quoting Hudson, 503 U.S. at 9. Necessarily excluded from constitutional

27   recognition is the de minimis use of physical force, provided that the use of force is not of a sort

28   repugnant to the conscience of mankind. Wilkins, 559 U.S. at 37, quoting Hudson, 503 U.S. at 9-

10.

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 37, quoting Hudson, 503 U.S. at 9. Thus, it is the use of force rather than the resulting injury which ultimately counts. Id.

The nature and extent of Plaintiff's injury and the amount of his damages are in dispute. When witnesses, such as Plaintiff, are not testifying as an expert, testimony in the form of opinions or inferences is limited to those opinions or inferences which are not based on scientific, technical or other specialized knowledge. See Fed. R. Evid. 701.

## C.     Punitive Damages

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2008). The jury must find that Defendant's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1986). Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages. Dang v. Cross, 422 F.3d 800, 807-08 (9th Cir. 2005).

## D.     Qualified Immunity

Government officials can obtain qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if

1    so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001),

2    overruled in part by Pearson, 555 U.S. at 236; Mueller v. Auker, 576 F.3d 979, 993 (9th Cir.

3    2009). While often beneficial to address in that order, courts have discretion to address the two-

4    step inquiry in the order they deem most suitable under the circumstances. Pearson, 555 U.S. at

5    236 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and

6    the second step is reached only if the court first finds a constitutional violation); Mueller, 576

7    F.3d at 993-94. Plaintiff bears the burden of establishing that defendant violated a clearly

8    established right. Davis v. Scherer, 468 U.S. 183, 187 (1984); Thompson v. Souza, 111 F.3d 694,

9    698 (9th Cir. 1997).

10          **E.      Federal Rules of Evidence**

11          Federal Rule of Evidence 607 provides that the credibility of a witness may be attacked

12   by any party. Federal Rules of Evidence 608 and 609 provide that evidence of a witness' prior

13   felony conviction or instance of conduct demonstrating a propensity to lie may be used to

14   impeach that witness' testimony. Federal Rule of Evidence 404(b) provides that evidence of

15   prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show

16   conduct in conformity with that character trait. Such prior acts may be admissible for other

17   purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge,

18   identity, or absence of mistake or accident. Id.

19   **IX.   ABANDONED ISSUES**

20          **A.      Plaintiff**

21   1.     Defendant Whitford and all claims other than excessive force against Defendant Rangel

22          have been dismissed.[3]

23          **B.      Defendant**

24   1.     Defendant has not abandoned any issues and reasserts all defenses asserted in his answer.

25   **X.    WITNESSES**

26          The following is a list of witnesses that the parties expect to call at trial, including

27

28   [3] See ECF No. 41.

rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT A MANIFEST INJUSTICE. Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**A.      Plaintiff's Witnesses**

1.      Plaintiff

2.      Kevin E. Fields, CDC Inmate # P83425, California State Prison - Corcoran, 4001 King Avenue, Corcoran, CA 93212-8309.

3.      D.C. Battles, COR Correctional Captain, Badge # 61866, Salinas Valley State Prison, P.O. Box 1050, Soledad CA 93960.

4.      Tsung-Yi MD, COR, P.O. Box 5246, 900 Quebec Rd., Corcoran CA 93212.

5.      David G. Smith MD., COR, COR, P.O. Box 5246, 900 Quebec Rd., Corcoran CA 93212.

6.      Darrel Masterson, Badge # 68488, COR, P.O. Box 5246, 900 Quebec Rd., Corcoran CA 93212.

7.      LVN M Renteria, COR, P.O. Box 5246, 900 Quebec Rd., Corcoran CA 93212.

**B.      Defendant's Witnesses**

1.      Correctional Officer P. Rangel, Defendant.

2.      Officer S. Rios (witness may be contacted through defense counsel).

3.       Lieutenant (Lt.) J. Diaz (witness may be contacted through defense counsel) – expert witness.

4.       J. Wang, M.D. (witness may be contacted through defense counsel) – expert witness.

5.      Dr. P. Narayan (witness may be contacted through defense counsel) – expert witness.

6.      Custodian of Records for Plaintiff's central file and Unit Health Records.[4]

7.      Custodian of Records for inmate Kevin Fields' central file and the central file of any other inmate witness permitted at trial.[5]

---

[4] Although the custodians of records will be available to testify at trial, to avoid undue expense and absent any dispute about the authenticity of the documents to be presented, Defendant requests that these witnesses be permitted to authenticate documents via their respective declarations. Defendant shall provide Plaintiff with copies of all documents they intend to introduce into evidence not later than October 17, 2013.

[5] See n.4.

8.      Litigation Coordinator, COR.

**XI.    EXHIBITS**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT A MANIFEST INJUSTICE. Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

**A.      Plaintiff's Exhibits**

1.      July 28, 2004 videotape of excessive force claim: Battles/Hackworth;

2.      July 28, 2004 Supplemental Report 837: Sergeant Battles, Badge # 61866;

3.      July 28, 2004 Supplemental Report 837: C/O Masterson, Badge # 68488;

4.      July 28, 2004 Supplemental Report 837: C/O A. Ayaca, Badge # 37502;

5.      July 28, 2004 Supplemental Report 837: C/O Rangel, Badge # 60288;

6.      July 28, 2004 Declaration of Kevin E. Fields, Inmate # 83425;

7.      2009/2010 Photos of Plaintiff's cell door and food port, Cell # 28;

8.      July 28, 2004 M. Renteria LVN 7219 Medical Report of Injury;

9.      July 28, 2004 M. Renteria LVN Progress Note;

10.     July 28, 2004 Emergency Room Admission;

11.     July 28, 2004 Physician's Orders T. Aasadsrl MD;

12.     July 28, 2004 Radiology Report Tsung-Yi MD;

13.     August 2, 2004, Physician's Progress Notes, Tubylhu MD;

14.     August 4, 2004, Orthopedic Clinic Note, David Smith MD;

15.     August 9, 2004, Physician Progress Note, Conroy, MD;

16.     August 11, 2004, Physician Progress Note, Juarez MD (Psychiatrist);

17.     August 23, 2004, Physician Order, R. Saly, LVA;

18.     August 24, 2004, Mental Health Progress Note, S. Hance, PT;

19.     August 30, 2004, Mental Health Progress Note, S. Lowry, MD;

20.     August 31, 2004, Mental Health Progress Note, S. Hance, PT;

21.     September 7, 2004, Mental Health Progress Note, S. Hance, PT;

22.     October 25, 2004, Mental Health Progress Note, Moneal PT;

23.     November 2, 2004, Mental Health Progress Note, Cummings, MD;

24.     November 5, 2004, Mental Health Progress Note, Cummings, MD;

25.     November 9, 2004, Mental Health Progress Note, Cummings, MD;

26.     Title 15 CDCR Rulebook, page 16, § 3005 (a-c) (2004);

27.     Title 15 CDCR Rulebook, page 20, § 3005(a) (2009);

28.     Title 15 CDCR Rulebook, page 129, §3315 (H) (2004);

29.     CDCR Department Operating Manual, page 425 (2004);

30.     Title 15 CDCR Rulebook, page 30, §3043.5(A)(B) (2004);

31.     Title 15 CDCR Rulebook, page 138, (H)(I) (2004);

32.     July 28, 2004, CDCR 115 Rules Violation (Charge Reduction);

33.     May 11, 2005 Classification Chrono;

34.     September 7, 2004 Investigative Employees Report, C/O T. Hood;

35.     December 10, 2004, Investigative Employees Report, C/O T. Hood;

36.     February 3, 2010, Set One Interrogatories of P. Rangel (11 pages);

37.     Title 15 CDCR Rulebook, page 113, § 3275(A) (2004);

38.     Title 15 CDCR Rulebook, pages 108-109, §§ 3268(1)(2)(3), 3268.1 (2004/2009);

39.     Title 15 CDCR Rulebook, page 19, § 3004(A)(B)(C) (2004/2009).

**B.      Defendant's Exhibits**

1.      Plaintiff's Abstract of Judgment, filed May 18, 1999;

2.      Plaintiff's Probation Officer's Report, case no. TA039338, filed on April 30, 1999;

3.      Crime/Incident Report Incident Log No. COR-04A-04-07-0404 dated July 28, 2004, subject to hearsay and relevancy objections;

4.      Rules Violation Report 4AR-04-07-14, subject to hearsay and relevancy objections;

5.      Medical Report of Injury Or Unusual Occurrence, dated July 28, 2004;

6.      Relevant portions of Plaintiff's Unit Health records from July 28, 2004 through December 31, 2007;[6]

7.      Relevant portions of Plaintiff's mental health records from July 1, 2003 through December 31, 2007, pertaining to Plaintiff's stressors and emotional distress claims made to treating mental health providers;

8.      Plaintiff's grievances, log # CSP-C-5-04-03296 and log 3 CSP-C-5-04-03071, subject to hearsay and relevancy objections;

9.      Declaration of Kevin Fields, dated July 28, 2004, attached to Plaintiff's Complaint filed August 16, 2007 (ECF No. 17);

10.     Photos and diagrams of Facility 4A, Building 2, Right, including cell # 28, at California State Prison, Corcoran;

11.     Abstract of Judgment and Probation Report for Plaintiff's inmate witness Kevin Fields and for any other inmate witness Plaintiff is permitted, as may be relevant to impeachment at trial;

12.     Documents from the Central File of inmate witness Kevin Fields and any other inmate witness Plaintiff is permitted, as may be relevant to impeachment at trial;

13.     Any prior statements of inmate witness Kevin Fields or any other inmate witness Plaintiff is permitted, as may be relevant for impeachment at trial;

14.     Defendant may utilize other portions of Plaintiff's Central File for purposes of impeachment/rebuttal, or refreshing recollection, as may be determined at trial, and so reserves the right to offer such exhibits as appropriate;

15.     Defendant may also utilize portions of Plaintiff's Unit Health Record (UHR) for purposes of impeachment/rebuttal, or refreshing recollection, as may be determined at trial, and so reserves the right to offer such exhibits as appropriate;

---

[6] Defendant reserves the right to add further medical records at trial for rebuttal/impeachment as may be necessary, given Plaintiff's claims of continuing medical conditions.

16.     Defendant may also utilize declarations of Plaintiff filed in litigation, as well as complaints or other pleadings filed by Plaintiff, and prior testimony given under oath, as may be determined at trial to be relevant for purposes of impeachment or rebuttal.

**XII.    DISCOVERY DOCUMENTS TO BE USED AT TRIAL**

The following is a list of discovery documents (depositions, answers to interrogatories, and responses to requests for admission) that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT A MANIFEST INJUSTICE. Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

**A.    Plaintiff's Discovery Documents**

1.     CDCR 115 (Rules Violation) Report produced by Defendant in response to Plaintiff's request for production of documents.

**B.    Defendant's Discovery Documents**

1.     Defendant respectfully reserves the right to offer Plaintiff's deposition transcript, or portions thereof, and appended exhibits. The deposition transcript was lodged with the Court on September 10, 2010. (ECF No. 57.) Defendant is not aware of any other discovery documents he intends to offer at trial, but may utilize discovery documents for impeachment purposes.

**XIII.   FURTHER DISCOVERY OR MOTIONS**

The deadline to conduct discovery has passed. There are no pending motions for discovery (other than as ruled on in this Order).

Even though discovery is closed, all parties are reminded of their continuing obligation to update all discovery responses previously made if that party becomes aware of new information or becomes aware that an answer in a previous response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1).

**XIV.   STIPULATIONS**

No joint stipulations have been submitted.

**A.      Plaintiff**

1.      Plaintiff proposes stipulations based upon undisputed facts and/or the Memorandum of the United States Court of Appeals for the Ninth Circuit vacating and remanding the district court grant of summary judgment on the basis that it was barred under <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997) and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). (ECF No. 90.)

2.      Plaintiff proposes to stipulate that Defendant acted under color of law.

3.      Plaintiff proposes to stipulate that Cal. Code Regs. tit. 15 §§ 3268, 3268.1 were in effect on July 28, 2004. Plaintiff reserves the right to object to such exhibits and use such exhibits for impeachment.

4.      Plaintiff proposes to stipulate closing the food port door on his finger caused serious injury, pain and suffering.

5.      Plaintiff proposes to stipulate that if he never attempted to harm Defendant then Defendant's closing the food port on his finger was excessive force.

6.      Plaintiff proposes to stipulate that if Defendant used excessive force then Defendant is not entitled to qualified immunity.

**B.      Defendant**

1.      Defendant proposes to stipulate to the authenticity of Plaintiff's unaltered records from his central and medical files maintained by CDCR and any CDCR record generated and maintained in the regular course of business, which may be used as exhibits at trial.

2.      Defendant proposes to stipulate that Plaintiff had an injured finger as a result of the incident of July 28, 2004.

**XV.   AMENDMENTS/ DISMISSALS**

**A.      Plaintiff**

Defendant Whitford and all claims other than excessive force against Defendant Rangel

1  have been dismissed.[7]

2          **B.     Defendant**

3          None.

4  **XVI.   SETTLEMENT NEGOTIATIONS**

5          At this time, no settlement conference has occurred.  Plaintiff is open to settlement

6  negotiations.  Defendant does not believe settlement negotiations would be successful in this

7  case.   If the parties agree to a settlement conference, they should directly contact the Chambers

8  of Magistrate Judge Michael J. Seng at (209) 372-0320 to arrange for a settlement conference.

9  **XVII.  AGREED STATEMENT**

10         None to date.

11 **XVIII. SEPARATE TRIAL OF ISSUES**

12         As is this Court's standard practice, the Court will bifurcate the issue of punitive

13 damages. If Defendant is found liable for punitive damages, the Court will conduct a second trial

14 phase on the amount of punitive damages.

15 **XIX.   EXPERTS**

16         **A.     Plaintiff**

17         Plaintiff has not disclosed any expert witness.

18         **B.     Defendant**

19         Defendant has identified in his witness list and his expert disclosure filed herewith, J.

20 Wang, M.D., to testify as a medical expert as to Plaintiff's injury from the July 28, 2004

21 incident.

22         Defendant has identified in his witness list and his expert disclosure filed herewith, Dr. P.

23 Narayan, a psychiatrist who will testify as an expert regarding Plaintiff's mental health and his

24 allegations of emotional distress arising from the incident of July 28, 2004.

25         Defendant has identified in his witness list and his expert disclosure filed herewith, Lt. J.

26 Diaz, to testify as an expert as to the use of force in this case and training provided to officers in

27

28 [7] See n.3.

anticipating and responding to common aggressive tactics by inmates, in accordance with CDCR's policy and procedure.

## XX.   ATTORNEY'S FEES

Neither party anticipates seeking attorney's fees.[8]

Both parties may request an award of costs after trial should they prevail.

## XXI.   TRIAL EXHIBITS

Neither party anticipates special handling of trial exhibits.

## XXII.   TRIAL PROTECTIVE ORDER

None sought to date.

## XXIII.   TRIAL DATE/ ESTIMATED LENGTH OF TRIAL

Jury trial is set for October 22, 2013 at 8:30 a.m. before the Honorable Judge Anthony Ishii at the United States Courthouse, 2500 Tulare Street, Fresno, California, Courtroom 2. Trial is expected to last no longer than three days.

## XXIV.   TRIAL PREPARATION AND SUBMISSIONS

### A.   Final Witness List

The parties are ordered to file and serve their final list of witnesses on or before October 17, 2013. Additionally, at that time Plaintiff shall disclose the order of witnesses so that Defendant will be prepared for cross-examination. Except upon the showing set forth above in Section X, a party may not add witnesses to the final list of witnesses, or to any other updated witness list, who are not disclosed in this Order in Section X.

### B.   Trial Briefs

The parties are relieved of their obligation under Local Rule 285 to file trial briefs.

### C.   Jury Voir Dire

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before October 17, 2013.

---

[8] Plaintiff is proceeding pro se and may not seek attorney's fees. 42 U.S.C. § 1988; See. Kay v. Ehrler, 499 U.S. 432, 435 (1991); see also Gonzales v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

**D.      Statement of the Case**

The parties SHALL serve and file, on or before October 17, 2013, a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection. The Court will consider the parties' statements but, as necessary, will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

**E.      Jury Instructions**

Defendant shall file proposed jury instructions as provided in Local Rule 163 on or before October 17, 2013. A copy of Defendant's instructions should be emailed to awiorders@caed.uscourts.gov.   If Plaintiff wishes to file proposed jury instructions, he must do so on or before October 17, 2013 by filing the proposed jury instructions under this case number with the Clerk of the Court.

In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. All jury instructions must be submitted in duplicate: One set will indicate which party proposes the instruction, with each instruction numbered or lettered, and containing citation of supporting authority, and the customary legend, i.e., "Given, Given as Modified, or Refused," showing the Court's action, with regard to each instruction. One set will be an exact duplicate of the first, except it will not contain any identification of the party offering the instruction or supporting authority or the customary legend of the Court's disposition.

**F.      Verdict Form**

Defendant shall file a proposed verdict form as provided in Local Rule 163 on or before October 17, 2013. If Plaintiff wishes to file a proposed verdict form, he must do so on or before October 17, 2013, filing the proposed verdict form under this case number with the Clerk of the Court.

**G.      Motions in Limine**

Any party may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent

1  power to hear and decide such motions as a function of its duty to expeditiously manage trials by

2  eliminating evidence that is clearly inadmissible for any purpose. <u>Luce v. United States</u>, 469 U.S.

3  38, 41 n.4 (1984); <u>Jonasson v. Lutheran Child and Family Services</u>, 115 F. 3d 436, 440 (7th Cir.

4  1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question,

5  only if the moving party establishes that the evidence clearly is not admissible for any valid

6  purpose. <u>Id.</u>; <u>Hawthorne Partners v. AT & T Technologies, Inc.</u>, 831 F. Supp. 1398, 1400 (N.D.

7  Ill. 1993).

8       All motions in limine must be served on the other party, and filed with the Court, by

9  September 30, 2013. The motion must clearly identify the nature of the evidence that the moving

10  party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be

11  served on the other party, and filed with the Court, by October 7, 2013. This Court will neither

12  accept nor consider reply papers. The Court will decide all motions in limine upon the written

13  submissions. The parties are reminded that they may still object to the introduction of evidence

14  during trial.

15  **H.    Exhibits**

16       The original and five copies of all trial exhibits, along with exhibit lists, shall be

17  submitted to Courtroom Clerk Harold Nazaroff no later than October 17, 2013.  Plaintiff's

18  exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100

19  (e.g., PX-100, PX-101, etc.). Defendant's exhibits shall be pre-marked with the prefix "DX" and

20  lettered sequentially beginning with A (e.g., DX-A, DX-B, etc.).

21       If any party wishes to use a videotape or a DVD for any purpose during trial, he

22  shall submit a copy of the videotape or DVD to Courtroom Clerk Nazaroff by 4:00

23  p.m. on October 17, 2013. If a written transcript of audible words on the tape is available,

24  the Court requests that the transcript be submitted to the Courtroom Clerk along with

25  the videotape or DVD, solely for the aid of the Court.

26       If counsel intends to use a laptop computer for presentation of evidence or

27  intends to use any other audio/visual equipment belonging to the Court, he shall contact

28  Courtroom Clerk Nazaroff at least one week prior to trial so that any necessary

arrangements and/or training may be scheduled.

**I.      Discovery Documents**

By October 17, 2013, each party shall file a list of all discovery documents the party intends to use at trial. The list shall indicate whether each discovery document has previously been lodged with the Clerk. If the discovery document has not been previously lodged, the party shall so lodge the document with the Courtroom Clerk by October 17, 2013.

**J.      Miscellaneous Matters**

During the September 9, 2013 pretrial conference Plaintiff requested that he have law library access; his legal materials be transported with him to Court; he be allowed to shower and shave prior to trial; and he be allowed a pre-trial transfer to different housing to avoid potential retaliation. The Court declines to involve itself in these issues of internal prison management. **The Court requests that the Warden at Salinas Valley State Prison look into the feasibility of accommodating Plaintiff's above concerns.** The Clerk of the Court is directed to fax a copy of this Order to the Warden, Salinas Valley State Prison, and the Litigation Coordinator, Salinas Valley State Prison.

**K.      Post-Trial Exhibit Retention**

The party/counsel who introduced exhibits at trial shall retrieve the original exhibits from the Courtroom Clerk following verdict in the case and shall retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

**XXV.  OBJECTIONS TO PRETRIAL ORDER**

Any party may, within 10 days after the date of service of this Order, file and serve written objections to any of the provisions set forth in this Order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

**XXVI. RULES OF CONDUCT DURING TRIAL**

**A.      General Rules**

1.      All participants in the trial shall conduct themselves in a civil manner. There shall be no hostile interchanges between any of the participants.

2.      All oral presentations shall be made from the podium, unless otherwise permitted by the

Court.

3.    Sidebar conferences are discouraged. Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.

4.    Counsel[9] shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

**B.    Jury Selection**

The Court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the Court has concluded its questioning of the jury panel.

**C.    Opening Statements**

1.    Counsel may use visual aids in presenting the opening statement. However, any proposed visual aids shall be shown to opposing counsel before opening statement.

**D.    Case in Chief**

1.    Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

2.    At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

**E.    Witnesses**

1.    Before approaching a witness, counsel shall secure leave of Court to approach the witness.

2.    Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

3.    At the close of each trial day, counsel shall provide the Court and opposing counsel with the names of all witnesses to be called the following day listed in the order in which they will be called.

---

[9] To the extent this order refers to "Counsel" the Court is referring to both Defendant's Counsel and Plaintiff while acting as his own counsel in pro se.

4.   Witness or evidentiary disputes, if any, which the parties cannot in good faith resolve without the Court's assistance must be brought to the attention of the Court the day before the witness or evidence is to be offered. Any such dispute must be addressed and resolved by the Court before the jury is called in the next day. The Court will not hear argument or address disputes during any time scheduled for trial before the jury.

**F.      Exhibits**

1.   All exhibits shall be marked and identified in accordance with the instructions in the Pretrial Order.

2.   An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of Court to publish the exhibit.

3.   The Court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

**G.      Objections**

1.   No speaking objections or arguments are permitted in the presence of the jury. Counsel shall state the specific legal ground(s) for the objection, and the Court will rule based upon the ground(s) stated. The Court will permit counsel to argue the matter at the next recess.

2.   The Court will not assume that any objection made also implies with it a motion to strike an answer that has been given. Therefore, counsel who has made an objection, and who also wishes to have an answer stricken, shall also specifically move to strike the answer.

**H.      Closing Argument**

1.   Counsel may use visual aids in presenting the closing argument. However, any proposed visual aids shall be shown to opposing counsel before closing argument.

**FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS, INCLUDING POSSIBLE DISMISSAL OF THIS ACTION OR ENTRY OF DEFAULT, ON ANY AND ALL COUNSEL OR PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.**

The Clerk of the Court is DIRECTED to:

1.       To serve a copy of this order on the parties at their addresses of record as set forth in the Local Rules; and

2.       Fax a copy of this Order to the Warden, Salinas Valley State Prison, and the Litigation Coordinator, Salinas Valley State Prison.

IT IS SO ORDERED.

Dated:   September 16, 2013

_____

SENIOR  DISTRICT  JUDGE