# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>    Plaintiff,<br><br>  v.<br><br>P. RANGEL, et al.,<br><br>    Defendants. | Case No. 1:06-cv-00850-BAM (PC)<br><br>**ORDER DENYING MOTION FOR TRIAL TRANSCRIPTS AT GOVERNMENT EXPENSE**<br><br>**(ECF No. 180)** |

## I.    PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 claiming excessive force against Defendant Rangel. The matter proceeded to jury trial before the undersigned. The jury returned a verdict in favor of the Defendant. On October 29, 2013, judgment was entered on the verdict. Plaintiff appealed to the United States Court of Appeals for the Ninth Circuit.[1] On February 21, 2014, the Court of Appeals granted Plaintiff's motion for leave to request trial transcripts. (ECF No.179.) On March 20, 2014, Plaintiff filed a motion for trial transcripts at government expense (ECF No. 180), which is now before the Court.

## II.   DISCUSSION

Plaintiff requests the Reporter's transcript and the Clerk's transcript be produced at

---

[1] See 9th Cir. Case No.13-17203.

1

government expense. A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511–12 (9th Cir. 1991), overruled on other grounds by Helling v. McKinney, 502 U.S. 903 (1991). Two statutes must be considered whenever the District Court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915 defines the limited circumstances under which the Court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis as follows:

> Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a substantial question. Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984).

Here, neither the District Court nor the Court of Appeals has required the record on appeal. Based on Plaintiff's notice of appeal, the Court finds that the appeal does not present a substantial question. See U.S. v. Frost, 344 F.Supp.2d 206, 208 (D.Me. 2004) (party's indigent status, without more is insufficient to establish entitlement to transcript at government expense for purposes of appeal where he failed to specify grounds for appeal

sufficient to assess need for transcript).

In addition, Plaintiff is notified that the Court of Appeals has access to the District Court's file in this case, and will request any necessary documents that are in the record directly from this Court.

If Plaintiff desires a copy of the certification of record from the docket, or documents contained in the record he may request such from the District Court Clerk at $0.50 per page.

### III. ORDER

Based on the foregoing, Plaintiff's motion for trial transcripts at government expense (ECF No. 180) is DENIED. Plaintiff may renew his request for transcripts at government expense with the Court of Appeals by filing a motion there if he wishes.

IT IS SO ORDERED.

Dated: **March 25, 2014**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE